APPEAL OF MARJORIE L. SARGENT.

Docket No. 3678.   Decided July 20, 1926.

The value of shares of stock at December 25, 1917, determined.

*Stephen G. Rusk, C. P. A.,* for the petitioner.
*C. H. Curl, Esq.,* and *A. H. Murray, Esq.,* for the Commissioner.

Before SMITH, JAMES,[1] LITTLETON, and TRUSSELL.

The taxpayer appeals from the determination of a deficiency in income tax for the year 1920 in the amount of $70,772.29, and of a penalty for delinquency in filing return for that year of 25 per cent of the amount of the tax, or $17,693.07—total $88,465.36. The point in issue is the value of certain shares of stock received by the taxpayer as a gift on December 25, 1917.

FINDINGS OF FACT.

1. On December 25, 1917, the taxpayer received as a gift from her husband, LeRoy Sargent, 10,000 shares of the common stock of the Commonwealth Finance Corporation. She sold 9,016 shares of this stock in 1920 for $189,336, or at the rate of $21 per share. She filed no income-tax return for the year 1920. The Commissioner has determined that the fair market price or value of the shares of stock on December 25, 1917, was $2.73 per share, and that the difference between that amount and $21 constitutes the gain or profit upon each share of the stock sold in 1920. By reason of the fact that the taxpayer was delinquent in the filing of such return, the 25 per cent penalty imposed by section 3176, Rev. Stats., as amended by section 1317 of the Revenue Act of 1918, is proposed for assessment.

2. During the years 1916 and 1917, LeRoy Sargent transacted business under the name of Sargent & Co. This was a sales organization engaged in the business of financing and underwriting securities. It was a very large organization, having about 58 branch offices and about 600 salesmen throughout the country.

3. In 1916, a corporation was organized under the laws of South Dakota, under the name of Metropolitan Finance Co., which name was soon changed to Commonwealth Finance Corporation. This corporation will be hereafter referred to as the Finance Corporation. It was organized for the purpose of financing the paper of automobile dealers, notes that dealers give for payment of cars, and obligations of dealers to manufacturers for cars purchased or contracted for. It was also intended to do such other financing as might be incident to its main business. The authorized capital stock

[1] This decision was prepared during Mr. James' term of office.

of the corporation was $10,000,000—7 per cent preferred stock and $7,500,000 common stock, each share of a par value of $100.

This corporation entered into a contract with Sargent & Co. under date of July 1, 1916, which provided that Sargent & Co. should sell the preferred stock of the Finance Corporation at $100 per share and that the Finance Corporation should receive $100 cash in respect of each share sold. The $7,500,000 common stock was to be issued to Sargent & Co. and Sargent & Co. was immediately to turn back to the Finance Corporation $5,000,000 of the common stock, which was to be retained in the Finance Corporation's treasury for the purpose of being issued as bonus stock with the preferred stock sold by Sargent & Co. Not to exceed one-half share of common stock was to be issued as a bonus with each share of preferred stock sold. Any amount that was received either by Sargent & Co. or the Finance Corporation for each share of preferred stock accompanied by any bonus of common stock in excess of the par value of the preferred stock was to be paid over to Sargent & Co. It was further provided that, if the preferred stock should all be sold and there should then be remaining in the treasury of the Finance Corporation any shares of common stock, such shares should be turned back to Sargent & Co. as part of its commission in the sale of the preferred stock. Sargent & Co. were to have ten years within which to complete the sales of the preferred stock.

4. In carrying out the contract, Sargent & Co. devoted its entire energies to the sale of this stock. None of the preferred stock of the Finance Corporation was sold, except through Sargent & Co., to January 1, 1918. Sargent & Co. extensively advertised the stock and made a practice of selling a share of preferred stock and one-fourth share of bonus common stock as a unit for $125. Of the $125 received for each unit sold Sargent & Co. received $25.

Up to December 31, 1917, inclusive, 44,395 shares of preferred stock had been disposed of, of which 14,911 shares had been fully paid up and issued to the purchasers; and 29,484 shares had been subscribed for but not fully paid for. Of the common stock at the same date, 44,016¼ shares were held as treasury stock, 5,983¾ shares had been issued to purchasers of preferred stock as per the agreement made with Sargent & Co., and 25,000 shares had been issued and retained by Sargent & Co.

5. The gross income of the Finance Corporation from the date when it began business, November 17, 1916, to December 31, 1917, was:

Gross income from brokerage, insurance and interest_____ $276,338.44
Less: Operating and general expenses_____ $139,853.66
      Provisions for contingencies_____ 5,976.78
                                             145,830.44

       Net profit_____ 130,508.00

The balance sheet as at December 31, 1917, reads as follows:

### ASSETS.

| | | |
|---|---:|---:|
| Current assets: | | |
| Cash | $279, 198. 96 | |
| Notes receivable— | | |
| Purchased | 1, 508, 146. 62 | |
| Secured by merchandise | 61, 901. 84 | |
| Advances for automobile dealers (secured) | 291, 813. 84 | |
| Accrued interest | 20, 836. 03 | |
| Acquired car accounts | 12, 985. 86 | |
| Subscriptions to preferred capital stock | 2, 350, 473. 36 | |
| Investment—U. S. Liberty Loan 4%s—at cost | 16, 231. 50 | |
| Accounts receivable | 831. 86 | |
| Total current assets | | $4, 542, 419. 87 |
| Furniture and fixtures—less reserve | | 11, 131. 39 |
| Deferred assets: | | |
| Underwriting expense and common stock bonus, less premiums on preferred stock issued | 3, 098, 375. 00 | |
| Organization expense | 26, 720. 53 | |
| Stationery, office supplies and printing | 2, 074. 55 | |
| Suspense accounts | 62. 40 | |
| | | 3, 127, 232. 48 |
| | | 7, 680, 783. 74 |

### LIABILITIES.

| | | |
|---|---:|---:|
| Accounts payable | | $31, 661. 46 |
| Preferred dividends payable | | 26, 500. 00 |
| Reserve for contingencies | | 5, 976. 78 |
| Capital stock: | | |
| Authorized— | | |
| 100,000 shares preferred $100 par value | $10, 000, 000. 00 | |
| 75,000 shares common $100 par value | 7, 500, 000. 00 | |
| Total authorized | 17, 500, 000. 00 | |
| Issued— | | |
| 14,911 shares preferred $100 par value | 1, 491, 100. 00 | |
| 75,000 shares common $100 par value | 7, 500, 000. 00 | |
| Total issued | 8, 991, 100. 00 | |
| Less Treasury stock | 4, 401, 625. 00 | |
| Total outstanding | | 4, 589, 475. 00 |
| Preferred capital stock subscribed, not yet issued | | 2, 948, 400. 00 |
| Surplus— | | |
| Profit from Nov. 17, 1916, to Dec. 31, 1917 | 130, 508. 00 | |
| Less 7% preferred stock dividends | 51, 737. 50 | |
| | | 78, 770. 50 |
| | | 7, 680, 783. 74 |

The books of account of Sargent & Co. show that during the four weeks ended March 2, 1918, Sargent & Co. sold 44 shares of Commonwealth Finance Corporation common stock at par.   Orders for this stock were received in response to circulars sent by mail to different prospects.   Orders for 12 shares were canceled immediately after receipt, and the $1,200 sent with the orders was refunded to the purchasers.   The books of account also show the receipt by Sargent & Co. of 50 per cent commission on the par value of 6 shares of Commonwealth Finance Corporation preferred stock sold at $150 carrying a bonus of ½ share of common stock.   These sales were made on December 22, and December 29, 1917.

The fair value of the common stock on December 25, 1917, was $13.25 per share.   The profit on the sale of 9,016 shares in 1919 was $69,874.

The taxpayer was delinquent in filing an income-tax return for the year 1920.   The penalty for delinquency in the filing of a return proposed for assessment by the Commissioner is legally due.

> *Order of redetermination in accordance with the foregoing findings of fact will be entered on 15 days' notice under Rule 50.*